Welch, J.
This will is certainly a legal curiosity. The precise sense and meaning of much of its language is obscure, and some of it seems to be without sense or meaning at all. Its provisions are apparently conflicting, and they give rise to many curious questions of law. We are, however, relieved to find, that the present case does not require us to decide more than one or two of them.
The general object of the testator seems to have been, to give to the devisee an absolute ownership of the land, and yet to shield it from the payment of his debts. This is simply impossible. The law makes what a man owns — whether held by legal or equitable title — liable to the payment of his debts, unless it be property specially exempted. No legal acumen or skill Can evade this policy of the law, and as often as it is attempted it must result in one of two things — either in the devisee taking nothing by the will, or in leaving what he does take liable for the payment of his debts. The liability attaches to the ownership, and it is beyond the power of any draftsman to invent a form of devise, or conveyance, that shall separate them.
The only question in this case is, whether the plaintiff has *425 the present legal title, and the consequent right of possession. It is not denied, that both of these were in the devisee at the time of the sale on execution, and that they both passed to the defendant’s lessor by sheriff’s deed. But it is claimed that they were defeated, or that they passed from him to the plaintiff, by the sale and conveyance subsequently made tc the latter by the devisee, under the power contained in the will.
The power given in .the will is one coupled with an interest. When that interest is divested, either by act of the party -or by law, the power, as to that interest, is exhausted, and ceases to exist; and then becomes only a power as to the interest of other parties. If the interest with which the power is coupled be the whole interest, then, of course, the whole power ceases to exist, upon the divestment of the interest. A grant of power to sell one’s own property is a mere nullity, because the power exists without the grant, and no disposition of that interest made by law, can be defeated by any subsequent exercise of the power.
What estate and interest, then, did the devisee have in this land, at the time of the sheriff’s sale ? He had the legal title, and right of possession, for the term of ninety-nine years, subject to be defeated only by his own voluntary act, and he was in actual possession. So much it is certain he had. What he had beyond the term of ninety-nine years, we need not now inquire. It will be time enough to decide that question after ninety-nine years shall have elapsed, and when his children, if he ever have any, shall claim to take the remainder in fee, as devisees, or, if there are no children, whenever the heirs of the testator shall claim it as a reversion descending to them.
It is true that, during the term of ninety-nine years, there is an obligation imposed — we do not say whether it rests upon him alone, or is in the nature of a charge upon the land — to support himself, and if he should ever have a “family,’’ to support it also. But he has no family, and he is surely bound to support himself, if not his family also, independently of *426 the devise. If the right to support is to be held an equitable charge upon the land, it is enough, as to his equitable right, to say, that it merges in his legal estate, and passes with it under the sale on execution. As to the rights of the “ family,” it will be time enough to decide when one appears, and sets up a claim for support. When one does appear, or when, at the end of ninety-nine years, the children of the devisee, or the heirs of the testator appear, and set up a claim, then all these questions can be decided. At the end of the term, and not properly before, it can be decided how far the obligation to make improvements is binding in the face of the provision against impeachment for waste; in the face of the provision that he may sell and resell, and render no account to “ any person whatever,” or to “ any court,” for the purchase money; and in the face of the provision that he may dispose of the land by last will and testament, to whomsoever he pleases, not, however, to defeat the “ purposes aforesaid.” It can then be determined what those “ purposes aforesaid ” were— whether they are to be understood as bona fide looking to the benefit of the family, as between them and the devisee, or to the benefit of the devisee, as between him and his creditors. In short, it can then be decided whether the devisee does, or does not, take an absolute estate in fee in the land ; and if not, whether the family, or the heirs, must look to him, to his grantee, or to the land, for their indemnity. All these questions we leave undecided, as not necessarily arising in the present case.
But we are clear in the opinion that the present right of possession is in the defendant. We think the legal term for ninety-nine years, passed to his lessor by the sheriff’s deed, subject at most to an equitable claim for support, to be set up by some member of a “ family,” of devisee, during the term; and that it will be time enough to decide upon the validity of such claim when it shall be asserted. The subsequent exercise of devisee’s alleged power to sell, whatever effect it might have upon the remainder or the reversion, or upon the supposed equitable right of the family to support, worked no *427 divestment or transfer of the title and interest of the devisee himself, already vested by the sheriff’s deed in the lessor of defendant.
The judgment of the district court is affirmed.
Brinkerhoee, C.J., and Scott, Day and White, JJ., con* curred.